THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2917/3380/0698
      Facsimile: (213) 894-3713
      E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09-230(A)-SVW |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | PEDRO PABLO AVENA CUNA |
| v. | ) | |
| | ) | |
| RAMON NARCISO MORALES | ) | |
| MENDOZA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1.   This constitutes the plea agreement between PEDRO PABLO
AVENA CUNA ("defendant") and the United States Attorney's Office
for the Central District of California ("the USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state or local prosecuting,
administrative or regulatory authorities.

//

//

<u>PLEA</u>

2.  Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

<u>NATURE OF THE OFFENSE</u>

3.  In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

a.  Defendant entered into an agreement with at least one other person to commit the crime of distribution of heroin; and

b.  Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4.  Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part involved the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic controlled substance.  Defendant admits that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part did, in fact, involve the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, as described in count one of the First Superseding Indictment.

2

PENALTIES

5.  The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: 40 years imprisonment, a lifetime period of supervised release, a fine of $2,000,000, and a mandatory special assessment of $100.

6.  Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 5 years imprisonment, a 4-year period of supervised release, and a mandatory special assessment of $100.

7.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.  Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social

3

1  Security Act or Federal Food Stamp Act and will not be eligible

2  for federal food stamp program benefits; furthermore, any such

3  benefits or assistance received by defendant's family members

4  will be reduced to reflect defendant's ineligibility.

5      10.   Defendant further understands that the conviction in

6  this case may subject defendant to various collateral

7  consequences, including but not limited to deportation,

8  revocation of probation, parole, or supervised release in another

9  case, and suspension or revocation of a professional license.

10  Defendant understands that unanticipated collateral consequences

11  will not serve as grounds to withdraw defendant's guilty plea.

12                              FACTUAL BASIS

13     11.   Defendant and the USAO agree and stipulate to the

14  statement of facts provided below.  This statement of facts is

15  sufficient to support a plea of guilty to the charge described in

16  this agreement and to establish the sentencing guideline factors

17  set forth in paragraph 14 below.  It is not meant to be a

18  complete recitation of all facts relevant to the underlying

19  criminal conduct or all facts known to either party that relate

20  to that conduct.

21     Beginning on a date unknown and continuing through April 9,

22  2009, defendant knowingly and intentionally conspired to

23  distribute more than 100 grams of heroin in East Los Angeles.

24  Specifically, defendant would receive black tar heroin imported

25  from Mexico, delivered to defendant by co-defendant Amelia

26  Mendoza, and others.

27     Defendant and others would process and package the heroin

28  for distribution by mixing the heroin with lactose and other

1  cutting agents, packaging the heroin in balloons, and would sell

2  the balloons of heroin to individuals who then sold them to

3  users.  Defendant coordinated the delivery of heroin to various

4  individuals including co-defendants Elsa Perez, Evelyn Mendoza,

5  Humberto Quiros, Gilberto Aguilar, Giovanni Garcia-Aguilar, and

6  Gerard Manuel Venegas Portillo.  Defendant also coordinated the

7  delivery of proceeds from the sale of heroin to co-defendants

8  Amelia Mendoza, Alejandro Lopez Aparicio, and others.

9       Examples of defendant's activities in furtherance of the

10  conspiracy include the following: 1) on December 18, 2008,

11  defendant discussed the delivery of heroin with co-defendant

12  Amelia Mendoza; 2) on December 21, 2008, defendant and

13  co-defendant Amelia Mendoza discussed the delivery of heroin to

14  co-defendants Giovanni Garcia-Aguilar and Gilberto Aguilar, and

15  how the proceeds of those sales were to be delivered to

16  co-defendant Amelia Mendoza; and 3) on March 6, 2009, defendant

17  spoke by telephone with co-defendant Alejandro Lopez Aparicio,

18  who stated that he had changed cars in an effort to avoid

19  detection by law enforcement and defendant agreed to deliver

20  proceeds derived from the sale of heroin to co-defendant

21  Alejandro Lopez Aparicio.

22       Defendant also admits that he possessed with others the

23  following quantities of heroin on the following dates: 15.9 grams

24  of heroin on January 13, 2009 and 369.2 grams of heroin on March

25  24, 2009.

26       Throughout his participation in the conspiracy, defendant

27  knew that the substance he conspired to and did possess and

28  distribute was heroin.  Defendant further admits that he knew

1  that the conspiracy to distribute heroin included an agreement to

2  distribute more than 400 grams but less than 700 grams of heroin.

3  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

4      12.  By pleading guilty, defendant gives up the following

5  rights:

6          a) The right to persist in a plea of not guilty.

7          b) The right to a speedy and public trial by jury.

8          c) The right to the assistance of legal counsel at

9  trial, including the right to have the Court appoint counsel for

10  defendant for the purpose of representation at trial.  (In this

11  regard, defendant understands that, despite his plea of guilty,

12  he retains the right to be represented by counsel -- and, if

13  necessary, to have the court appoint counsel if defendant cannot

14  afford counsel -- at every other stage of the proceeding.)

15          d) The right to be presumed innocent and to have the

16  burden of proof placed on the government to prove defendant

17  guilty beyond a reasonable doubt.

18          e) The right to confront and cross-examine witnesses

19  against defendant.

20          f) The right, if defendant wished, to testify on

21  defendant's own behalf and present evidence in opposition to the

22  charges, including the right to call witnesses and to subpoena

23  those witnesses to testify.

24          g) The right not to be compelled to testify, and, if

25  defendant chose not to testify or present evidence, to have that

26  choice not be used against defendant.

27      By pleading guilty, defendant also gives up any and all

28  rights to pursue any affirmative defenses, Fourth Amendment or

1 Fifth Amendment claims, and other pretrial motions that have been
2 filed or could be filed.

3 <u>SENTENCING FACTORS</u>

4    13.   Defendant understands that the Court is required to
5 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
6 including the kinds of sentence and sentencing range established
7 under the United States Sentencing Guidelines ("U.S.S.G." or
8 "Sentencing Guidelines"), in determining defendant's sentence.
9 Defendant further understands that the Sentencing Guidelines are
10 advisory only, and that after considering the Sentencing
11 Guidelines and the other § 3553(a) factors, the Court may be free
12 to exercise its discretion to impose any reasonable sentence up
13 to the maximum set by statute for the crime of conviction.

14    14.   Defendant and the USAO agree and stipulate to the
15 following applicable Sentencing Guidelines factors:

16    Base Offense Level :    28   U.S.S.G. § 2D1.1(c)(6)
17 Defendant and the USAO reserve the right to argue that additional
18 specific offense characteristics, adjustments, and departures
19 under the Sentencing Guidelines are appropriate.   Defendant also
20 understands that defendant's base offense level could be
21 increased if defendant is a career offender under U.S.S.G.
22 §§ 4B1.1 and 4B1.2.   In the event that defendant's offense level
23 is so altered, the parties are not bound by the base offense
24 level stipulated to above.

25    15.   The parties agree that:

26       a) Defendant did not use violence or credible threats
27 of violence or possess a firearm or other dangerous weapon (or

28

7

1  induce another participant to do so) in connection with the
2  offense;

3        b) The offense did not result in death or serious
4  bodily injury to any person; and

5        c) Defendant was not an organizer, leader, manager,
6  or supervisor of others in the offense and was not engaged in a
7  continuing criminal enterprise.

8     16.   There is no agreement as to defendant's criminal
9  history or criminal history category.

10    17.   Defendant and the USAO, pursuant to the factors set
11 forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
12 (a)(7), further reserve the right to argue for a sentence outside
13 the sentencing range established by the Sentencing Guidelines.

14    18.   The stipulations in this agreement do not bind either
15 the United States Probation Office or the Court.  Both defendant
16 and the USAO are free to: (a) supplement the facts by supplying
17 relevant information to the United States Probation Office and
18 the Court, (b) correct any and all factual misstatements relating
19 to the calculation of the sentence, and (c) argue on appeal and
20 collateral review that the Court's Sentencing Guidelines
21 calculations are not error, although each party agrees to
22 maintain its view that the calculations in paragraph 14 are
23 consistent with the facts of this case.

24                    DEFENDANT'S OBLIGATIONS

25    19.   Defendant agrees that he will:

26        a) Plead guilty as set forth in this agreement.

27        b) Not knowingly and willfully fail to abide by all
28 sentencing stipulations contained in this agreement.

8

1    c) Not knowingly and willfully fail to: (i) appear for
2 all court appearances, (ii) surrender as ordered for service of
3 sentence, (iii) obey all conditions of any bond, and (iv) obey
4 any other ongoing court order in this matter.

5    d) Not commit any crime; however, offenses which would
6 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
7 not within the scope of this agreement.

8    e) Not knowingly and willfully fail to be truthful at
9 all times with Pretrial Services, the U.S. Probation Office, and
10 the Court.

11    f) Pay the applicable special assessment at or before
12 the time of sentencing unless defendant lacks the ability to pay
13 and submits a completed financial statement (form OBD-500) to the
14 USAO prior to sentencing.

15                    THE USAO'S OBLIGATIONS

16    20.  If defendant complies fully with all defendant's
17 obligations under this agreement, the USAO agrees:

18    a) To abide by all sentencing stipulations contained in
19 this agreement.

20    b) At the time of sentencing to move to dismiss the
21 remaining counts of the indictment as against defendant.
22 Defendant agrees, however, that at the time of sentencing the
23 Court may consider the dismissed counts in determining the
24 applicable Sentencing Guidelines range, where the sentence should
25 fall within that range, the propriety and extent of any departure
26 from that range, and the determination of the sentence to be
27 imposed after consideration of the Sentencing Guidelines and all
28 other relevant factors under 18 U.S.C. § 3553(a).

1       c) At the time of sentencing, provided that defendant

2 demonstrates an acceptance of responsibility for the offense up

3 to and including the time of sentencing, to recommend a two-level

4 reduction in the applicable sentencing guideline offense level,

5 pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

6 move for an additional one-level reduction if available under

7 that section.

8       d) To recommend that defendant be sentenced to a term

9 of imprisonment at the low end of the applicable Sentencing

10 Guidelines imprisonment range provided that the total offense

11 level as calculated by the Court is 25 or higher and provided

12 that the Court does not depart downward in offense level or

13 criminal history category.  For purposes of this agreement, the

14 low end of the Sentencing Guidelines imprisonment range is that

15 defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

16 <u>BREACH OF AGREEMENT</u>

17    21.  If defendant, at any time after the execution of this

18 agreement, knowingly violates or fails to perform any of

19 defendant's agreements or obligations under this agreement ("a

20 breach"), the USAO may declare this agreement breached.  If the

21 USAO declares this agreement breached at any time following its

22 execution, and the Court finds such a breach to have occurred,

23 then: (a) if defendant has previously entered a guilty plea,

24 defendant will not be able to withdraw the guilty plea, and (b)

25 the USAO will be relieved of all of its obligations under this

26 agreement.

27    22.  Following the Court's finding of a knowing and willful

28 breach of this agreement by defendant, should the USAO elect to

1  pursue any charge that was either dismissed or not filed as a

2  result of this agreement, then:

3          a) Defendant agrees that any applicable statute of

4  limitations is tolled between the date of defendant's signing of

5  this agreement and the commencement of any such prosecution or

6  action.

7          b) Defendant gives up all defenses based on the statute

8  of limitations, any claim of pre-indictment delay, or any speedy

9  trial claim with respect to any such prosecution, except to the

10  extent that such defenses existed as of the date of defendant's

11  signing this agreement.

12          c) Defendant agrees that: (i) any statements made by

13  defendant, under oath, at the guilty plea hearing (if such a

14  hearing occurred prior to the breach); (ii) the stipulated

15  factual basis statement in this agreement; and (iii) any evidence

16  derived from such statements, are admissible against defendant in

17  any such prosecution of defendant, and defendant shall assert no

18  claim under the United States Constitution, any statute, Rule 410

19  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

20  of Criminal Procedure, or any other federal rule, that the

21  statements or any evidence derived from any statements should be

22  suppressed or are inadmissible.

23                  LIMITED MUTUAL WAIVER OF APPEAL

24       23.  Defendant gives up the right to appeal any sentence

25  imposed by the Court, and the manner in which the sentence is

26  determined, provided that (a) the sentence is within the

27  statutory maximum specified above and is constitutional, and

28  (b) the Court imposes a sentence within or below the range

                                11

1  corresponding to a total offense level of 25, and the applicable
2  criminal history category as determined by the Court.
3  Notwithstanding the foregoing, defendant retains any ability
4  defendant has to appeal the conditions of supervised release
5  imposed by the Court, with the exception of the following:
6  conditions set forth in General Orders 318, 01-05, and/or 05-02
7  of this Court; the drug testing conditions mandated by 18 U.S.C.
8  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
9  conditions authorized by 18 U.S.C. § 3563(b)(7).

10      24.   The USAO gives up its right to appeal the sentence,
11  provided that (a) the sentence is within the statutory minimum
12  and maximum specified above and is constitutional, and (b) the
13  Court imposes a sentence within or above the range corresponding
14  to a total offense level of 25, and the applicable criminal
15  history category as determined by the Court.

16              <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

17      25.   Defendant agrees that if any count of conviction is
18  vacated, reversed, or set aside, the USAO may: (a) ask the Court
19  to resentence defendant on any remaining counts of conviction,
20  with both the USAO and defendant being released from any
21  stipulations regarding sentencing contained in this agreement,
22  (b) ask the Court to void the entire plea agreement and vacate
23  defendant's guilty plea on any remaining count of conviction,
24  with both the USAO and defendant being released from all of their
25  obligations under this agreement, or (c) leave defendant's
26  remaining conviction, sentence, and plea agreement intact.
27  Defendant agrees that the choice among these three options rests
28  in the exclusive discretion of the USAO.

1                          COURT NOT A PARTY

2        26.   The Court is not a party to this agreement and need not

3   accept any of the USAO's sentencing recommendations or the

4   parties' stipulations.  Even if the Court ignores any sentencing

5   recommendation, finds facts or reaches conclusions different from

6   any stipulation, and/or imposes any sentence up to the maximum

7   established by statute, defendant cannot, for that reason,

8   withdraw defendant's guilty plea, and defendant will remain bound

9   to fulfill all defendant's obligations under this agreement.  No

10  one -- not the prosecutor, defendant's attorney, or the Court --

11  can make a binding prediction or promise regarding the sentence

12  defendant will receive, except that it will be within the

13  statutory maximum.

14                       NO ADDITIONAL AGREEMENTS

15       27.   Except as set forth herein, there are no promises,

16  understandings or agreements between the USAO and defendant or

17  defendant's counsel.  Nor may any additional agreement,

18  understanding or condition be entered into unless in a writing

19  signed by all parties or on the record in court.

20          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

21       28.   The parties agree and stipulate that this Agreement

22  will be considered part of the record of defendant's guilty plea

23  hearing as if the entire Agreement had been read into the record

24  of the proceeding.

25  //

26  //

27

28

                                  13

1      This agreement is effective upon signature by defendant and

2  an Assistant United States Attorney.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
   THOMAS P. O'BRIEN
6  United States Attorney

7
8  ARIEL A. NEUMAN                         6/15/09
   JUSTIN RHOADES                        Date
9  JEFF MITCHELL
   Assistant United States Attorneys

10

11      I, PEDRO PABLO AVENA CUNA, have read this agreement and

12  carefully discussed every part of it with my attorney. It has

13  been read to me in Spanish, the language I understand best.  I

14  understand the terms of this agreement, and I voluntarily agree

15  to those terms.  My attorney has advised me of my rights, of

16  possible defenses, of the sentencing factors set forth in 18

17  U.S.C. § 3553(a), of the relevant Sentencing Guidelines

18  provisions, and of the consequences of entering into this

19  agreement.  No promises or inducements have been given to me

20  other than those contained in this agreement.  No one has

21  threatened or forced me in any way to enter into this agreement.

22  Finally, I am satisfied with the representation of my attorney in

23  this matter.

24  Pedro Pablo Avena acuna               06-13-09
    PEDRO PABLO AVENA CUNA                Date
25  Defendant

26

27

28

                              14

1    I, _CARMEN REYES_ , am fluent in written and spoken

2  English and Spanish languages.  I accurately translated this

3  entire agreement from English into Spanish to defendant PEDRO

4  PABLO AVENA CUNA on this date.

5  _____     06/13/09
                                         Date
6  Interpreter

7

8    I am PEDRO PABLO AVENA CUNA's attorney.  I have carefully

9  discussed every part of this agreement with my client.  Further,

10 I have fully advised my client of his rights, of possible

11 defenses, of the sentencing factors set forth in 18 U.S.C. §

12 3553(a), of the relevant Sentencing Guidelines provisions, and of

13 the consequences of entering into this agreement.  To my

14 knowledge, my client's decision to enter into this agreement is

15 an informed and voluntary one.

16

17 _____     6/13/09
                                         Date
18 DAVID REED
   Counsel for Defendant
19 PEDRO PABLO AVENA CUNA

20

21

22

23

24

25

26

27

28

                              15