GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN R. RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
           justin.rhoades@usdoj.gov
           jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|---|---|
| Plaintiff, | ) GOVERNMENT'S POSITION RE: |
| v. | ) SENTENCING OF DEFENDANT |
|  | ) PEDRO PABLO AVENA CUNA |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) SENTENCING DATE: **11/16/2009** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Pedro Pablo Avena Cuna.

///

///

1  The United States' position regarding sentencing is based
2 upon the attached memorandum of points and authorities, the files
3 and records in this case, the Presentence Report, and any other
4 evidence or argument that the Court may wish to consider at the
5 time of sentencing.

7 DATED: November 1, 2009          Respectfully submitted,

8                                  GEORGE S. CARDONA
                                   Acting United States Attorney
9
                                   CHRISTINE C. EWELL
10                                 Assistant United States Attorney
                                   Chief, Criminal Division
11

12
                                        /s/
13                                 ─────────────────────────────
                                   JUSTIN R. RHOADES
14                                 Assistant United States Attorneys

                                   Attorneys for Plaintiff
15                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On June 22, 2009, defendant Pedro Pablo Avena Cuna ("defendant") pled guilty to Count One of the First Superseding Indictment, charging him with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846.  Specifically, defendant admitted that he coordinated the delivery of heroin to various individuals including several co-defendants.  Plea Agreement ¶ 11.  Defendant spoke by telephone with co-defendant Amelia Mendoza to coordinate these deliveries.  Id.  Defendant also spoke by telephone with co-defendant Alejandro Lopez Aparicio, including conversations about changing cars in efforts to avoid detection by law enforcement.  Id.  Defendant possessed the following quantities of heroin on the following dates: 15.9 grams of heroin on January 13, 2009 and 369.2 grams of heroin on March 24, 2009.  Id.

**II.  THE PRESENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on October 7, 2009.  The PSR calculated the total offense level as follows:

    Base Offense Level     :    28    U.S.S.G. § 2D1.1(c)(6)
    Acceptance of
    Responsibility         :    -3    U.S.S.G. § 3E1.1

PSR ¶¶ 23-36.  The PSR also calculated a criminal history category of I based on zero criminal history points.  PSR ¶¶ 38-41.  The PSR calculated the guideline sentence to be 60 months based on the statutory mandatory minimum pursuant to 21 U.S.C. §

1

841(a)(1), (b)(1)(B), but noted that if defendant met the safety valve criteria of U.S.S.G. § 5C1.2, his guideline sentence would be 46-57 months. PSR ¶ 70-71. The USPO also calculated that defendant was subject to 4 years of supervised release, a mandatory special assessment of $100, and a fine between $10,000 and $100,000. PSR Guideline Summary.

**III. PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office recommended the following sentence: a 60-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. USPO Recommendation Letter. The Probation Officer found that defendant does not have the ability to pay a fine. Id. at 1. If defendant is found eligible for safety valve status, the USPO would recommend the low end of the advisory range, namely 47 months in prison. USPO Recommendation Letter.

**IV.  THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence of the low end of the sentencing guideline range applicable to defendant. The United States agrees that defendant has met all of the criteria to be eligible for safety valve status pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. 3553(f), and as a result, recommends that he be sentenced to a term of imprisonment of 47 months, followed by four years of supervised release under the terms set forth in the PSR.[1] The recommended

---

[1] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead

2

sentence addresses the considerations set forth at 18 U.S.C. § 3553(a), as discussed herein.

   1.   <u>The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant</u>

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.  Here, defendant possessed with intent to distribute a significant quantity of heroin – he was found in possession of at least 369 grams.  Defendant received this heroin from individuals who were part of a larger distribution network.  However, defendant was only a small part of that network and was not a leader or organizer.  In addition, defendant is still a teenager and has many years of his life to reform and become a productive member of society.  Accordingly, a sentence of 47 months reflects defendant's young age and limited role in the drug distribution network and takes into consideration the fact that this is his first encounter with the criminal justice system.

   2.   <u>The Need For The Sentence Imposed</u>

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.  Based on the guidance of 18 U.S.C. § 3553(f), defendant's limited involvement in distributing narcotics merits a sentence below the

---

guilty.  U.S.S.G. § 3E1.1(b).

mandatory minimum.  Because of his role in the offense, defendant should be subject to a substantial, but respectively lower term of imprisonment.  Additionally, defendant will be deported following his imprisonment.  A sentence 47 months achieves the goal of punishing defendant for his conduct.

Moreover, a sentence of nearly four years will serve to deter other persons – like defendant – who may come to the United States without authorization and attempt to engage in criminal conduct.  While below the mandatory minimum, 47 months is still a considerable sentence and carries with it a strong element of deterrence.

3.   Need to Avoid Unwarranted Sentence Disparities

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities.  Imposing the recommended sentence will incarcerate defendant for a period shorter than that to be served by his co-defendants who distributed similar amounts of heroin, but who have previous convictions.  Because this is defendant's first criminal conviction, a sentence below the 60 months received by co-defendants is warranted.

**V.   CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 47 months of imprisonment, four years of supervised release under the terms set forth in the PSR, and a special assessment of $100.